UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BUCKEYE RETIREMENT CO., LLC, LTD., | ) ) ) | |
|       Judgment Creditor | ) ) | |
| v. | ) ) | No. 2:93-cv-89-GC |
| GAVIN A. RUOTOLO, et al., | ) ) | |
|       Judgment Debtors | ) | |

### MEMORANDUM DECISION ON JUDGMENT DEBTOR'S MOTION TO DISSOLVE WRIT OF EXECUTION

Judgment Debtor Gavin A. Ruotolo moves to dissolve the writ of execution issued by this court on April 3, 2013 (ECF No. 40). Motion to Dissolve Writ of Execution ("Motion") (ECF No. 53). He challenges the writ on several grounds: 1) he was not served with the request for the writ or the amended request; 2) there are typographical errors in the request and amended request; 3) the assignment of the judgment from The Cadle Company to judgment creditor Buckeye Retirement Co., LLC, Ltd., is ineffective; and 4) it is inequitable to issue a writ of execution 19 years after the judgment upon which it is based was entered. I reject each of the challenges and deny the motion.

### I. Service of Notice

Ruotolo cites no authority for the proposition that actual service of notice of a request for a writ of execution on the debtor is a legal prerequisite for the issuance of a valid writ. Motion at [5]. He cites only a general admonition of Rule 5 of the Maine Rules of Civil Procedure, *id*., which do not apply in this federal court. Had this argument been properly presented, it would

1

fail nonetheless.  As Buckeye points out, Judgment Creditor's Opposition to Motion to Dissolve Writ of Execution ("Opposition") (ECF No. 55) at 1, the consent judgment upon which the writ of execution is based provides, *inter alia*, that the plaintiff (the United States) "shall have the right to execute upon judgment without any notice to the defendant [Ruotolo]."  Stipulation and Consent Judgment, Docket No. 27 (copy filed as ECF No. 55) at 4.  Ruotolo signed this document and thus cannot take the position that he is or was unaware of it and its terms.

The Stipulation and Consent Judgment was assigned to The Cadle Company on August 17, 2001.  Assignment of Stipulation and Consent Judgment (ECF No. 53-1).  Cadle subsequently assigned the Stipulation and Consent Judgment to Buckeye.  ECF Nos. 41 & 66.  Ruotolo challenges those assignments, but for present purposes this chain is recited simply to show that, assuming that Buckeye is the due holder of the judgment, it need not have notified Ruotolo of its request for the writ of execution, by the express terms of the judgment to which he consented and which he signed.

Ruotolo takes nothing by this argument.

## II.  Typographical Errors

Ruotolo next asserts that the original and amended requests for the writ of execution contained error.  He does not say whether he takes the position that these errors void the writ or otherwise justify its dissolution, but there is no other reason for him to mention them in this motion.  Motion at [5].  He cites no authority to support such a claim.  Buckeye does not respond to this argument.

The three errors are two uses of the assignment docket filing date of August 20, 2011, in the request for the writ and amended request, when the correct date is August 20, 2001, and a statement in the amended request for the writ that the United States recovered a judgment against

Ruotolo on January 13, 1994, with no correction given. *Id*. The docket shows that the consent judgment was entered against Ruotolo in this case on January 5, 1994. ECF No. 27. Default judgment against defendants Island Terrace Associates and Island Development Corporation was entered on January 13, 1994. ECF No. 31.

No party could have been misled by the typographical errors rendering 2001 as 2011. Nor could the court have been misled, having merely to consult its own docket. Ruotolo does not suggest that these errors caused him any harm or prejudiced him in any way. The date is not material to the outcome of the pending motion. This court routinely corrects typographical errors in documents submitted by parties to litigation when that substitution does not affect the subject matter of those documents. *See, e.g., Lynch v. Christie*, No. 2:11cv70-DBH, 2012 WL 5874841, at *1 n.4 (D. Me. Nov. 20, 2012); *Stanley v. Peabody*, No. 1:10-cv-345-DBH, 2011 WL 4594919, at *3 n.3 (D. Me. Sept. 30, 2011).

Similarly, no damage was done by using an incorrect date for the judgment at issue. The variance was only 8 days, and the parties to the request for the writ of execution were aware of the correct date. In the absence of any authority to the contrary, I will not dissolve the writ of execution on the basis of this harmless error.

### III.  Validity of Assignment from Cadle to Buckeye

Ruotolo next asserts that the assignment from Cadle to Buckeye (ECF No. 41) is invalid because it does not include two paragraphs, written in bold capitals in the assignment from the United States to Cadle, that the original assignment directed should be included in all future endorsements or assignments of the judgment.[1] Motion at [5]-[6]. This omission, he contends,

---

[1] The text of the two paragraphs, without capital letters and bold type, follows:
> Any change in the payment obligations under the judgment by virtue of any forbearance agreement, or modification agreed to in writing by HUD, will be binding

3

deprives Buckeye of standing to seek a writ of execution on the judgment. *Id*. at [6]. Again, he cites no authority in support of this proposition.

The two paragraphs are not included in the first assignment from Cadle to Buckeye, dated April 9, 2013. ECF No. 41. After this motion was fully briefed and taken under advisement, Buckeye filed an amended assignment, dated July 30, 2013, which includes the two paragraphs. ECF No. 66. Buckeye has not otherwise responded to this argument.

My research has located no authority for the proposition that a litigant may not amend a document while a motion based on the defect in that document to be amended is pending. In the absence of any significant argument by Ruotolo, and the complete absence of any citation of authority, I conclude that the amended assignment renders his original argument moot.

### IV.  Applicability of State Statute

Ruotolo next contends that state law, specifically 14 M.R.S.A. § 4652, renders the writ of execution invalid because it was sought more than one year after the consent judgment became final. Motion at [3]-[4]. He asserts that this statute applies to this federal court proceeding by virtue of Federal Rule of Civil Procedure 69(a). *Id* at [3]. That rule provides, in relevant part, that "[t]he procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).

Buckeye responds that a federal statute applies in this case, specifically, 28 U.S.C. § 3203(c)(1). Opposition at 2-3. That statute provides, in relevant part: "On written application of counsel for the United States, the court may issue a writ of execution." 28 U.S.C.

---

        upon Assignee, its successors and assigns.  This paragraph shall be included in all future endorsements or assign[]ments of the judgment.
          The judgment shall be serviced in accordance with the servicing requirements set forth as Exhibit K to the Loan Sale Agreement.  This paragraph shall be included in all future endorsements or assignments of the judgment.
Assignment of Stipulation and Consent Judgment (ECF No. 53-1).

§ 3203(c)(1). The statute does not impose a temporal limitation on such applications, but it does specify the circumstances under which a lien on property is created and the manner of levy on property pursuant to a writ of execution.

What little case law there is on point firmly rejects Ruotolo's position on this issue. In *United States v. Pierce*, 231 B.R. 890 (E.D.N.C. 1998), the court held that, under Rule 69, a state law providing the means for execution of a judgment, including a time limit, is preempted by section 3203. *Id.* at 891, 893. *Accord*, *FTC v. Namer*, 481 Fed.Appx. 958, 959, 2012 WL 3045641, at **1, **2 (5th Cir. July 26, 2012) (citing *Pierce*); *United States v. Gianelli,* 543 F.3d 1178, 1182-83 (9th Cir. 2008). These opinions are persuasive. I reject Ruotolo's contrary argument.[2]

### V. Equitable Considerations

Finally, Ruotolo asserts, without citation to authority, that it would be inequitable to allow Buckeye to recover on the judgment entered against him, with his consent, 19 years after that judgment was entered. Motion at [6]. He contends that he "is unduly injured by the in[]ordinate amount of interest added to the judgment debt." *Id*. Again, Buckeye does not respond to this argument. However, the judgment debt was created by a consent judgment, and Ruotolo must be presumed to have been aware of its terms, including the fact that interest would continue to accrue while the debt remained unpaid.

Equity does not excuse a judgment debtor from his debt solely because he manages to escape paying the debt for an extended number of years.[3] Requiring Ruotolo to actually pay the

---

[2] In his reply memorandum, Ruotolo argues for the first time that the assignment from the United States to Cadle was invalid because the individual who signed the assignment was not authorized to do so. Motion to Strike or in the Alternative Response to Judgment Creditor's Opposition to Motion to Dissolve Writ of Execution ("Reply") (ECF No. 56) at [4]-[5]. An argument raised for the first time in a reply memorandum will not be considered by this court. *In re One Bancorp Sec. Litig.*, 134 F.R.D. 4, 10 n.5 (D. Me 1991).

[3] Ruotolo offers in his reply memorandum evidence that he asserts demonstrates Cadle's "torrid [sic] history of . . . misrepresentations, unfair collection practices, contempt of Court Orders and fraud[.]" Reply at [5]-[7]. To the

5

consent judgment does not become grossly unjust simply because interest was obviously accruing while he did not pay. By this argument, he essentially seeks to obtain relief from the judgment that was entered with his consent. Under the circumstances present here, he is not entitled to that relief as a matter of equity. *See, e.g., Asterbadi v. Leitess*, 176 Fed.Appx. 426, 427, 430, 2006 WL 1049047, at **1, **4 (4th Cir. Apr. 20, 2006) (judgment debtor not entitled to equitable relief from default judgment entered more than 10 years earlier); *Holloway v. Director, TDCJ-CID,* Civil Action No. 6:96cv144, 2006 WL 2473394, at *4 (E.D. Tex, Aug. 25, 2006) (independent action in equity reserved for injustices sufficiently gross to demand departure from doctrine of *res judicata*).

## VI. Conclusion

For the foregoing reasons, Ruotolo's motion to dissolve the writ of execution is **DENIED.**

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 5th day of September, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

extent that this recitation is offered to defeat Buckeye's claim against him, possibly as some sort of "unclean hands by transfer or imputation" defense in support of his equitable argument, it fails. If it is offered as a new argument against Buckeye, it cannot be considered by the court as explained in note 2 above.