*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *BUCKEYE RETIREMENT CO., LLC,* | ) | |
| *LTD.,* | ) | |
| | ) | |
| *Judgment Creditor* | ) | |
| | ) | |
| *v.* | ) | *No. 2:93-cv-89-GZS* |
| | ) | |
| *GAVIN A. RUOTOLO, et al.,* | ) | |
| | ) | |
| *Judgment Debtors* | ) | |

*MEMORANDUM DECISION ON MOTION FOR RECONSIDERATION*

Gavin Ruotolo, a named judgment debtor, asks me to reconsider my decision denying his motion to dissolve a writ of execution issued against the judgment debtors in this action. Judgment Debtor's Motion for Reconsideration ("Motion") (ECF No. 73).[1] Specifically, he complains of my "fail[ure] to address the issue of the Judgment Creditor's standing in this Court as raised in the Judgment Debtors' Motion to Strike." *Id*. at [3].[2] That assertion is incorrect, and the motion for reconsideration is accordingly denied.

My memorandum decision expressly addresses Ruotolo's contention, first raised in his reply brief, Motion to Strike or in the Alternative Response to Judgment Creditor's Opposition to Motion to Dissolve Writ of Execution (ECF No. 56) at [4]-[5], that the judgment creditor lacked standing because the individual who signed the assignment of the judgment underlying the writ lacked the authority to do so. Memorandum Decision on Judgment Debtor's Motion to Dissolve

---

[1] Ruotolo filed simultaneously an objection to the recommended decision.  ECF No. 74.  The objection should not have been filed until the motion for reconsideration was resolved.

[2] Local Rule 10 requires that "[a]ll pages shall be numbered at the bottom," which has not been done.

Writ of Execution (ECF No. 70) at 5 n.2.  In that footnote, I declined to reach the merits of this argument because it was raised for the first time in a reply brief.

Ruotolo asserts that, "upon notice that the Court was denying the Motion to Strike, but rather[] treating the Motion to Strike as a Reply, the Debtor was under the impression that the Court would consider the issue of standing."  Motion at [3].  However, the title of Ruotolo's Motion to Strike states explicitly that it is, "in the alternative[,]" a "response" to the judgment creditor's opposition to Ruotolo's motion to dissolve the writ of execution.  Ruotolo, therefore, cannot reasonably claim that he was surprised that the court did as he asked, once it denied his initial prayer to strike the judgment creditor's opposition to his motion.  This is all the more true where Ruotolo's filing provided arguments that were not identified as applying exclusively to either the motion to strike or to the reply memorandum.

Nor can Ruotolo prevail on his implicit contention that he was unaware of this court's longstanding rule that issues or arguments first raised in reply memoranda will not be considered by the court.  Ruotolo attempts to avoid the application of this well-established dictate of this court by asserting that the issue of standing is a threshold issue that I should have expressly considered, even if he had not mentioned it at all.  Motion at [4]-[5].  The point of the rule is that each party must have an opportunity to respond to all of the issues or arguments made by an opposing party, and no response to a reply memorandum is allowed.  If Ruotolo wishes to raise the issue of standing in a manner that gives the judgment creditor an appropriate opportunity to respond on the merits, he presumably may do so, as standing is a question that may be raised at any time during the course of litigation.  *Libertad v. Welch*, 53 F.3d 428, 435 (1st Cir. 1995).  It is not, however, an issue that a court must address *sua sponte* every time a motion is filed.

Ruotolo's final argument is an assertion that this court must, "at a minimum[] issue a second Amended Writ [of execution] if it continues to deny [the] Judgment Debtor's Motion to Dissolve the Writ of Execution." Motion at [5]. As should be apparent from the docket in this action, a writ of execution is issued by the clerk of this court, without requiring direction from a judge. Counsel may raise this issue with the clerk, if they deem it appropriate.

Ruotolo has not demonstrated that my ruling on his motion was based on either a manifest error of fact or of law. Local Rule 7(g). I therefore deny the motion. *See, e.g., Stanley v. Peabody*, No. 1:10-cv-345-NT, 2011 WL 5828490, at *1-*2 (D. Me. Nov. 18, 2011).


Dated this 4th day of October, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge